HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant/Movant
CLARENCE AUSTIN HOLMES

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Cr. No. S 08-325 WBS |
| Plaintiff, | **STIPULATION TO RESOLVE MOTIONS PURSUANT TO 28 U.S.C. § 2255 AND 18 U.S.C. § 3582(c)(2); [lodged] ORDER** |
| v. | |
| **CLARENCE AUSTIN HOLMES**, | |
| Defendant. | Judge: Honorable WILLIAM B. SHUBB |

Defendant, CLARENCE AUSTIN HOLMES, by and through his attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Jared C. Dolan, hereby stipulate as follows:

1. On November 5, 2010, Mr. Holmes was sentenced to 120 months imprisonment following his conviction after jury trial on one count of possession of five or more grams of a mixture or substance containing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(B), and one count of possession of a firearm as a former felon, in violation of 18 U.S.C. § 922(g)(1);

2. On January 12, 2012, the Ninth Circuit Court of Appeals affirmed the judgment and sentence;

3. On December 5, 2012, Mr. Holmes filed a timely pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting his trial counsel was ineffective in failing to:

(a) adequately or competently negotiate and advise him regarding a plea agreement; (b) properly or adequately investigate factual issues or prepare any strategy for his defense; (c) properly or competently cross-examine witnesses; (d) introduce specific documents into evidence at trial; and (e) move for a new trial following excusal of a juror.  He also alleged that appellate counsel was ineffective for failing to raise the foregoing claims as issues on appeal;

4. On January 25, and January 30, 2013, Mr. Holmes filed pro se motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2);

5. On May 29, 2013, the government filed its opposition to the motion to vacate sentence;

6. On August 3, 2010, the Fair Sentencing Act of 2010 became effective, which among other things, raised the amount of cocaine base necessary to trigger the five- and ten-year mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B);

7. Immediately following the enactment of the Fair Sentencing Act, the United States Department of Justice advised federal prosecutors that the new penalties would apply only to *offense conduct* occurring on or after the Act's enactment date, August 3, 2010.  Thereafter, courts reached varying conclusions regarding the temporal scope of the Act, with some courts holding that the revised penalty provisions applied only to offense conduct occurring prior to August 3, 2010, and other courts concluding that Congress intended the provisions to apply to all sentencing conducted after the enactment date;

8. In light of the differing court decisions and the serious impact on the criminal justice system of continuing to impose unfair penalties, the Attorney General concluded that the law requires the application of the Act's new mandatory minimum sentencing provisions to all sentencings that occurred on or after August 3, 2010, regardless of when the offense conduct took place;

9. Accordingly, the parties stipulate and agree that in the interests of justice and in order to resolve all pending litigation in this case, the Court should enter the order lodged herewith vacating the original sentence and resentencing Mr. Holmes as follows:

/ / /

      a.      The defendant should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 97 months on each of Counts 1 and 2, to be served concurrently with each other for a total aggregate term of 97 months;

      b.      Upon release from imprisonment, the defendant should be on supervised release for a term of 36 months on Count 1 and 36 months on Count 2, to be served concurrently with each other for a total term of 36 months; and,

      c.      All other terms and provisions of the original judgment to remain in effect.

Dated: December 9, 2013

Respectfully submitted,

| | |
|---|---|
| BENJAMIN B. WAGNER<br>United States Attorney | HEATHER E. WILLIAMS<br>Federal Defender |
| /s/ Jared Dolan<br>JARED C. DOLAN<br>Assistant U.S. Attorney | /s/ David M. Porter<br>DAVID M. PORTER<br>Assistant Federal Defender |
| Attorney for Plaintiff<br>UNITED STATES OF AMERICA | Attorney for Movant<br>CLARENCE AUSTIN HOLMES |

I, CLARENCE AUSTIN HOLMES, have read this stipulation and attached order and discussed it fully with my attorney, David M. Porter. By signing below, I acknowledge that I understand and enter into this stipulation knowingly and voluntarily. I also acknowledge that pursuant to Rule of Federal Criminal Procedure 43(c)(1)(B), I am knowingly and voluntarily waiving any right I may have to be present at a resentencing by this Court. Finally, I stipulate and agree that I knowingly and voluntarily waive my right to appeal or collaterally attack my conviction and sentence.

Dated: November 29, 2013

 */s/ Clarence Austin Holmes*
CLARENCE AUSTIN HOLMES
Defendant/Movant

**ORDER**

This matter came before the Court on the motions of the defendant to vacate his sentence pursuant to 28 U.S.C. § 2255, and for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Holmes should be resentenced under the mandatory minimum sentencing provisions of the Fair Sentencing Act of 2010.

Accordingly, IT IS HEREBY ORDERED that:

1. The defendant shall be committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 97 months on each of Counts 1 and 2, to be served concurrently with each other for a total aggregate term of 97 months;

2. Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months on Count 1 and 36 months on Count 2, to be served concurrently with each other for a total term of 36 months; and,

3. All other terms and provisions of the original judgment, entered November 12, 2010 shall remain in effect.

4. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, and shall serve a copy of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Dated:  December 18, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE